# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI
## IN RE:
## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JEFFCOAT ENTERPRISES, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LINVILLE MEMORIAL FUNERAL )<br>HOME, INC., BRAD LINVILLE, )<br>and MADONNA LINVILE, )<br>)<br>    Defendants. ) | Case No. 2:19-cv-1467-ACA |

**PLAINTIFF JEFFCOAT ENTERPRISES, INC.'S AMENDED MOTION TO COMPEL PURSUANT TO A RULE 45 SUBPOEANA AND FOR COURT'S AUTHORIZATION PURSUANT TO 47 U.S.C. SECTION 551(c)(2)(b)**

Plaintiff Jeffcoat Enterprises, Inc. ("Jeffcoat") moves this Honorable Court to compel and order Charter Communications, Inc. ("Charter"), a non-party to the lawsuit filed in the Northern District of Alabama, to produce certain specified documents according to 47 U.S.C. § 551(c)(2)(B), and Federal Rules of Civil Procedure, Rules 26 and 45.

1

I.      INTRODUCTION AND BACKGROUND

On June 6, 2019, Plaintiff commenced the instant action against Defendants for violations of the Stored Communications Act, 18 U.S.C. §2701, et seq, tortious interference with business relations, invasion of privacy, and trespass to chattels. [*See* Exhibit 1, Complaint]   The Defendants have answered denying liability and counterclaiming against Plaintiffs. Both parties have begun engaging in discovery.

Plaintiff has alleged in its complaint that Defendants Linville Memorial Funeral Home, Brad Linville, and Madonna Linville accessed its private voicemail service with Funeral Call without authorization.  Defendants have denied these allegations demanding strict proof thereof.  Plaintiff has successfully subpoenaed the cell phone records of Defendants Brad Linville and Madonna Linville. Plaintiff also has substantial need for the telephone records of Defendant Linville Memorial Funeral Home to determine when an employee or agent accessed Plaintiff's private voice mail service with Funeral Call without authorization in violation of the Stored Communications Act and Alabama state law.

As part of the discovery process, Plaintiff issued a Rule 45 subpoena to non-party Charter Communications, Inc. to obtain necessary information in developing its case. [*See* Exhibit B, Rule 45 Subpoena to Charter Communications, Inc.]  In its Rule 45 subpoena, Plaintiff requested the names and addresses on file of all

2

subscribers of telephone number 334-639-4730 (the main business line for Defendant Linville Memorial Funeral Home) from April 28, 2015 to August 1, 2019, as well as inbound and outbound calls for the funeral home's business lines for the same date range.  Charter responded with correspondence stating it requires a court order to produce the requested information under the Cable Company Communications Act, 47 U.S.C. § 551(c)(2)(B).  [*See* Exhibit C, Response to R. 45 Subpoena by Charter Communications, Inc.]

## II.     ARGUMENT

### A.     According to Charter, the Cable Communications Policy Act Governs Charter's Right to Respond to the Subpoena

Charter, as a cable operator, contends that it is subject to the Cable Communications Policy Act, 47 U.S.C. § 551. Pursuant to 47 U.S.C. § 551(c)(1), "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber… ." However, pursuant to 47 U.S.C. § 551(c)(2)(B), a "cable operator may disclose such information if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Thus, Plaintiff, pursuant to this Motion, seeks an order from this Court pursuant to 47 U.S.C. § 551(c)(2)(B) authorizing Charter to disclose, in response to an otherwise valid subpoena, the names and addresses on file of all

subscribers of telephone number 334-639-4730 (the main business line for Defendant Linville Memorial Funeral Home) from April 28, 2015 to August 1, 2019 as well as inbound and outbound calls for the funeral home's business lines for the same date range.

The information requested from Charter seeks to confirm identify of the owner of the main business line, Linville Memorial Funeral Home, in addition to the calls made and received from the business lines of Linville Memorial to match those with the calls in Plaintiff's call log from Funeral Call as well as to identify whether Defendant Linville Memorial was actively engaged in the tortious interference of Plaintiff's funeral home business. Plaintiff has no other means of obtaining this information as it is contained within Charter's records and not otherwise available to Plaintiff.

**B.   A Court Order Authorizing Disclosure of Subscriber Information is Appropriate in this Case**

Courts have applied a "good faith" standard in determining whether to authorize disclosure pursuant to 47 U.S.C. § 551(c)(2)(B). *Doe v. Cahill*, 884 A.2d 451 (Del. 2005); *Phillip CANNELLA, et al., Plaintiffs, v. "watch DOG", and JOHN DOES 1-10, Defendants.*, 2012 WL 4743069 (E.D. Pa.), (DE 71), granting the plaintiff's motion, ordering Charter to disclose information, under 47 USC 551(c)(2)(b)). Good faith exists here because with the proprietary nature of

Charter's records, and the absence of publically available information, Plaintiff is unable to positively identify the unauthorized calls to its voice mail or potential tortious interference with its business relationships through any other means.

This call information is crucial to Plaintiff's claims in this litigation and will aid it in proving its causes of action in this lawsuit. The information Jeffcoat is seeking from Charter, that is not available to the public, would allow it to ascertain the dates and times Defendant Linville Memorial accessed its voice mail without authorization as well as reveal calls made to Plaintiff's clients after the unauthorized access to Plaintiff's private voice mail system.

### III.   CONCLUSION

For the foregoing reasons, and because good faith is shown, Plaintiff Jeffcoat respectfully requests that this Court issue an order authorizing Charter to release the requested information, in accordance with 47 U.S.C. § 551(c)(2)(B), as set out in the Charter subpoena attached hereto as Exhibit B.

s/Wesley L. Phillips<br>
Wesley L. Phillips (PHI053)<br>
Vincent L. Adams (ADA071)<br>
Attorneys for Plaintiff

OF COUNSEL:
SHELNUTT & VARNER
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385

OF COUNSEL:
ADAMS LAW GROUP, LLC
2100 SouthBridge Parkway, Ste 650
Birmingham, Alabama 35209
Telephone: (205) 414-7421
Facsimile: (866) 729-9203

## CERTIFICATE OF SERVICE

      I certify that I have served a copy of the foregoing on all parties and/or attorneys of record by electronic filing with CM/ECF system or by first class mail this  18th  day of   March   , 2020.

Brian M. Clark
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
*Attorney for Defendants Linville Memorial*
*Funeral Home and Brad Linville*

Roger C. Appell
LAW OFFICE OF ROGER C. APPELL
301 19th Street North
Birmingham, Alabama  35203
*Attorney for Defendant Madonna Linville*

Charter Communications, Inc.

6

12405 Powerscourt Drive
St. Louis, MO 63131

Charter Communications, Inc.
641 South Lawrence Street
Montgomery, AL 36104

                                                                          s/Wesley L. Phillips
                                                                          OF COUNSEL